Charles B. Redman, William T. Redman, John T. Redman, Frank T. Redman, Milton C. Redman, David L. Miller, Margaret Miller, Clarence McClure and Annie McClure, Appellants, v. The Monongahela Boulevard Company and Monongahela Street Railway Company.

*Boulevard companies—Street railways—Preliminary injunctions.*

On a bill in equity by property owners against a boulevard company and a street railway company it appeared that the street railway company had obtained permission from all the property owners along the boulevard, except plaintiffs, to operate a street railway thereon. The boulevard company having the right of eminent domain had condemned the plaintiffs' land, and was constructing a roadway under the act of 1895, and it acknowledged that it intended laying flat rails upon the boulevard, and that it expected that the street railway company would obtain plaintiffs' consent for the operation of the railway. It denied, however, that it intended to operate a railway itself, or to permit any other company to do so, until plaintiffs' consent was obtained. The evidence showed that the rails would not interfere with the driveway. *Held*, that the continuance of a preliminary injunction enjoining the laying of tracks upon the boulevard was properly refused.

Argued Nov. 8, 1898. Appeal, No. 155, Oct. T., 1898, by plaintiffs, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1898, No. 295, on bill in equity. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.
Motion to continue preliminary injunction.

McCLUNG, P. J., filed the following opinion:

The plaintiffs by their bill in this case pray for an injunction to restrain the boulevard company from permitting the railway company to lay its tracks and operate its cars on the boulevard laid out from a short distance above Homestead to the borough of Duquesne (about two or three miles in length), and passing over certain lands in which plaintiffs own an undivided one-half interest, and to restrain the railway company from constructing and operating a street railway over said boulevard. The railway company wishing to build and operate a railway

over this route through Mifflin township, sought permission to do so from the landowners, and obtained it from all save the plaintiffs in this bill, who refuse it. The boulevard company, incorporated for the purpose of constructing a boulevard over the said route, its officers being the same as those of the traction company, then took possession of the ground, it having a right of eminent domain, and proceeded to construct a public highway. Its right to construct said highway is not denied, but it is alleged that it is constructing, or permitting the railway company to construct upon this highway, an ordinary double track street railway—the intention being to permit the railway company to run its cars over the said road, and thus accomplish the purpose which the plaintiffs' refusal of a right of way interferes with. Of course, if this allegation were made good, we would, without hesitation, enjoin. But whilst the boulevard company admits that it is constructing a roadway with a thirty-foot paved roadbed, under the act of 1895, and as part of said construction is putting down a double track street railway, laid with the ordinary flat rails, it disclaims any right or intention to permit the other company, or any company, to run cars over the said road until permission so to do is granted by plaintiffs. The railway company is not concerned in the laying of said track, and concedes the right of plaintiffs to prevent it from passing over their land with its cars. The boulevard company is putting up no overhead wires, and avers that the laying of the rails will improve, or at least not injure, the roadway, and it is not forbidden by the boulevard act of 1895. It admits that it expects that in the future the railway company will obtain the consent of the plaintiffs to operate its car line, and says that with that expectation it considers it wise to now put down the railway tracks. As the case now presents itself, it seems unnecessary to enjoin against the running of cars. This we are assured will not be attempted. If it is attempted, we can very readily stop it.

Can plaintiffs maintain this bill to prevent the laying of the tracks by the boulevard company? Whilst it appears very improbable that the boulevard company would put rails there as part of its structure did it not expect them at some time to be used by a railway company, yet, if it gets the surface, such as the law requires, the fact that it has also a railway track

will not affect its right to maintain the boulevard. Hence, the question before us becomes one of the proper or improper construction of the roadbed of the boulevard. It is not a case of putting something on the road entirely foreign to its purposes as a driveway. The tracks can be used for driving purposes, and some persons consider them an advantage. Can the abutting property owner come into court, and by bill regulate the construction of the road as respects material? We think he cannot, not only because he does not show as to this matter the interest in or damage to himself different from that of the general public, but also because other adequate methods of determining the matter have been provided by law.

And now, to wit: June 29, 1898, the motion to continue the preliminary injunction in this case is refused.

*Error assigned* was the order of the court refusing to continue the preliminary injunction.

*William H. Sponsler,* for appellants.—A boulevard or public drive is adapted and set apart for purposes of ornament, exercise and amusement. It is technically a street, avenue or highway, though a carriageway over it is a chief feature: People v. Green, 25 How. Pr. (N. Y.) 440.

From this and other definitions the purpose of the legislature in authorizing this new thing is apparent. It did not intend to authorize a highway in the common acceptation of the term, but intended to authorize a driveway through or encircling a municipality, the purpose of which was almost exclusively pleasure and recreation.

*Willis F. McCook,* for appellees.—A preliminary injunction will not be granted where plaintiff's right is doubtful, nor in cases of clear right unless immediate and urgent danger of irreparable injury is shown. Even if there were a violation of a strict right some appreciable damage must be shown: Harkinson's App., 78 Pa. 196; Citizens Coach Co. v. Camden Horse R. R. Co., 29 N. J. Eq. 303; Atty. Gen. v. City of Paterson, 9 N. J. Eq. 625.

PER CURIAM, January 3, 1899:

This is an appeal from an order refusing to continue a pre-

liminary injunction. The reasons expressed in the opinion of the court refusing to continue the injunction are satisfactory to us, and we see no occasion to restore the injunction at this time.

Decree affirmed.